UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:09-CV-00093-JHM

LAURIE JARRETT, THOMAS J. GRACE
ELIZABETH "LIBBY" EILERS                                                      PLAINTIFFS

v.

INSIGHT COMMUNICATIONS
COMPANY, L.P., d/b/a INSIGHT                                                  DEFENDANT

### ORDER

This matter is before the Court on a motion by Plaintiffs, Laurie Jarrett, Thomas J. Grace, and Elizabeth "Libby" Eilers to alter and amend the Court's July 29, 2014, Memorandum Opinion and Order granting Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 59(e) [DN 169]. The Court granted summary judgment in favor of the Defendant holding that the Plaintiffs had failed to produce sufficient evidence to create a genuine dispute about whether Insight violated § 1 of the Sherman Act by forcing Plaintiffs to lease an Insight set-top box in order to receive the full benefit of Insight's interactive premium cable services. Fully briefed, this matter is ripe for decision.

Motions to alter or amend judgments may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)(citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to


"'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, *1 (E.D. Mich. Jan. 7, 2009) (citation omitted). See also Browning v. Pennerton, 2008 WL 4791491, * 1 (E.D. Ky. October 24, 2008)("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Electric Ins. Co. v. Freudenberg–Nok, General Partnership, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)( "Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).

Plaintiffs move to amend the Court's July 29, 2014 Memorandum Opinion and Order and vacate the Judgment arguing that the Court failed to resolve a particular issue of material fact that was properly before the Court. In support of this argument, Plaintiffs argue that they want the Court to give sufficient consideration to the fact that Insight's policy regarding whether its customers could provide their own set-top box for use with Insight's system changed when Insight was purchased by Time Warner Cable, Inc., in February of 2012. Plaintiffs maintain that at the very least, Insight did condition purchase of IPC services on the rental of a set-top box from the date of Time Warner's purchase of Insight to the present. According to Plaintiffs, the fact that Insight's policy regarding cable set-top boxes changed at the sale creates a genuine issue of material fact, and, as a result, Insight is not entitled to summary judgment.

Applying the above standard to the current motion, the Court denies the Plaintiffs' motion to reconsider the merits of the case. First, Plaintiffs did not assert any claims against Time Warner Cable. Time Warner Cable is not a Defendant in this matter. In fact, in November of

2012, nine months after Time Warner acquired Insight, Plaintiffs filed their third amended complaint. Plaintiffs did not name Time Warner and did not allege they were subject to set-top policies by Time Warner that violated § 1 of the Sherman Act. While Time Warner may have accepted responsibility for Insight's liability in ongoing civil matters when Time Warner acquired Insight, the claims asserted by Plaintiffs relate solely to *Insight's* requirements and representations made, not those made by Time Warner. Any claims against Time Warner from February 2012 to the present should be filed against Time Warner, not Insight.

Second, contrary to Plaintiffs argument, Exhibit 18 does not demonstrate that as of June 2013, Insight customers must lease a set-top box to obtain two-way interactive services. Exhibit 18 informs Insight customers that their services would transition to Time Warner on June 10, 2013. Furthermore, it expressly references future services marked with an asterisk (TWC TV, Look Back, and Start Over) that were not yet available to customers, but were products that were "coming soon." Time Warner specifically stated: "*Products coming soon. DTV-Digital Television service and lease of a digital set-top box required." The products identified on Time Warner's web page are Time Warner products and were not a part of the tying product alleged in the third amended complaint -- Insight's interactive premium cable.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by the Plaintiffs, Laurie Jarrett, Thomas J. Grace, and Elizabeth "Libby" Eilers to alter and amend the Court's July 29, 2014, Memorandum Opinion and Order granting the Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 59(e) [DN 169] is **DENIED.**

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

December 1, 2014